**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000890
24-JUL-2015
08:35 AM**

NO. CAAP-12-0000890

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
MARK CHAR, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 03-1-2555)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Appellant State of Hawai'i (**State**) appeals from the September 24, 2012 Findings of Fact, Conclusions of Law and Order Granting Defendant-Appellee Mark Char's (**Char's**) Motion to Dismiss (**Order**), entered in the Circuit Court of the First Circuit[1] (**Circuit Court**). Char brought his Motion to Dismiss pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48(b).

The State raises two points of error on appeal:

(1) The Circuit Court erred in granting Char's Motion to Dismiss under HRPP Rule 48(b), specifically including that the Circuit Court's Conclusions of Law (**COLs**) 2, 3, 6, 7, and 9 are wrong; and

(2) The Circuit Court abused its discretion in granting Char's Motion to Dismiss with prejudice.

---

[1] The Honorable Dexter D. Del Rosario presided over the case at the time of the determinations pertinent to this appeal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows:

Char argues that this case is moot. "'[M]ootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law[.]'" State v. Nakanelua, 134 Hawai'i 489, 501, 345 P.3d 155, 167 (2015) (citation omitted). Thus, before reaching the State's points of error, we address whether the mootness doctrine applies to the instant case.

Char argues that because he "was originally sentenced to three years probation *nun* [sic] *pro tunc* and had completely served that sentence prior to any re-trial in this matter[,] [t]his case is therefore moot as to any re-trial based upon HRS § 706-609."[2]

> "[A] case is moot where the question to be determined is abstract and does not rest on existing facts or rights." State v. Rogan, 91 Hawai'i 405, 424 n.13, 984 P.2d 1231, 1250 n.13 (1999). Hence, "the mootness doctrine is properly invoked where events have so affected relations between the parties that the two conditions for justiciability relevant on appeal—adverse interest and effective remedy—have been compromised." Id.

State v. Durham, 125 Hawai'i 114, 127, 254 P.3d 425, 438 (2011). "[The supreme court], however, recognized three exceptions to the mootness doctrine: matters capable of repetition yet evading review, matters affecting the public interest, and matters posing **collateral consequences for the defendant.**" State v. Kiese, 126 Hawai'i 494, 508-09, 273 P.3d 1180, 1194-95 (2012) (footnotes omitted, emphasis added).

---

[2] HRS § 706-609 (2014) provides:

> **§ 706-609 Resentence for the same offense or for offense based on the same conduct not to be more severe than prior sentence.** When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence.

In <u>State v. Tierney</u>, 127 Hawai'i 157, 277 P.3d 251 (2012), a petitioner who had been convicted of a misdemeanor drug charge appealed from the Intermediate Court of Appeals' (**ICA's**) judgment affirming the Circuit Court's judgment of conviction and sentence. Although neither party raised the issue of mootness, the supreme court analyzed whether the mootness doctrine was applicable to the appeal, holding that the petitioner's appeal was not moot despite the fact that he had already completely served his sentence because his conviction was "reasonably likely to result in collateral consequences":

> A case is also not moot if there is a reasonable probability that there will be prejudicial collateral consequences for the parties. <u>In re Hamilton ex rel. Lethem v. Lethem</u>, 119 Hawai'i 1, 193 P.3d 839 (2008).
>
> . . . .
>
> [U]nless reviewed, Petitioner's conviction is reasonably likely to result in collateral consequences. Criminal convictions have collateral consequences even after sentences have been served. <u>See Sibron v. New York</u>, 392 U.S. 40, 55-56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) ("Although [a defendant's prison] term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties; civil rights may be affected. As the power to remedy an invalid sentence exists, a defendant is entitled to an opportunity to attempt to show that his conviction was invalid.") (internal citation omitted) (cited approvingly in <u>Spencer v. Kemna</u>, 523 U.S. 1, 25, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Here, Petitioner could have been acquitted by reason of physical or mental disease, disorder, or defect, <u>see</u> HRS § 704-402 (1993), rather than found guilty, or, conceivably, the charge could have been dismissed if Petitioner remained unfit to proceed. Petitioner's conviction adds to his criminal record, and could result in lengthier future criminal penalties. These collateral consequences prevent Petitioner's case from becoming moot. <u>Cf.</u> <u>Lethem</u>, 119 Hawai'i at 8, 193 P.3d at 846 (holding case was not moot although domestic violence temporary restraining order had expired because there was a reasonable probability that the order could affect defendant's reputation).

<u>Tierney</u>, 127 Hawai'i at 172-73, 277 P.3d at 266-67 (footnotes omitted).[3]

---

[3] <u>See also</u>, <u>e.g.</u>, <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 371 n.2, 113 S. Ct. 2130, 2135 n.2 (1993) (holding that where a criminal defendant had successfully completed a two-year probation under a diversionary sentencing statute and the original charges had been dismissed, the State's appeal was not moot. "[Defendant] argues that the case has been rendered moot by the dismissal of the original criminal charges. We often have observed, however, that the possibility of a criminal defendant's suffering collateral legal consequences from a sentence already served precludes a finding of mootness. . . . [W]e must conclude that reinstatement of the record of the charges

(continued...)

Here, this court's earlier Summary Disposition Order and Judgment vacated the Circuit Court's December 6, 2006 Judgment of Conviction and Probation Sentence; thus, Char's earlier conviction does not currently appear on Char's criminal record. Therefore, while it is true that under HRS § 706-609, Char could not be subjected to a more severe sentence than the three years probation he already served, HRS § 706-609 does not preclude Char from again being convicted of Negligent Injury in the First Degree, a felony, upon re-trial.

Although Char is no longer subject to additional punishment under HRS § 706-609, the State continues to have an interest in securing a felony conviction against Char. Unless reviewed, the lack of a felony conviction on Char's record is "reasonably likely to result in collateral consequences." Tierney, 127 Hawai'i at 172, 277 P.3d at 266.

Turning to the State's first point of error, HRPP Rule 48(b) provides, in relevant part:

> **(b) By Court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without

---

[3](...continued)
against respondent would carry collateral legal consequences and that, therefore, a live controversy remains.") (internal citations and quotation marks omitted); State v. Jordan, 716 A.2d 1004, 1006-07 (Me. 1998) (holding that although defendant's conviction had been vacated and defendant had fully served the sentence imposed in the first trial, the State's "interests in securing convictions for offenders' records are sufficient to preclude a finding of mootness" because "[i]f the defendant has an interest in avoiding the collateral consequences of a conviction, then the State has an equally compelling interest in securing a conviction to effect those consequences"); State v. Dumars, 154 P.3d 1120, 1126-27 (Kan. Ct. App. 2007) (holding that the State's appeal was not moot, even though defendant had fully served any sentence which might be imposed after conviction and the relevant conviction would not affect her criminal history score, because "[t]he same collateral consequences that support a criminal defendant's interest in challenging a conviction after the immediate consequences of the conviction no longer exist also support the State's interest in preserving a criminal conviction. . . . There is no principled reason collateral consequences presumed to have arisen from a conviction will not support the State's interest in retrying the defendant, just as such collateral consequences would be presumed if the defendant sought to challenge her convictions. . . . [T]he State has an interest in prosecuting a violation of the law and in redressing the victims of that violation, including members of society at large.").

prejudice in its discretion, if trial is not commenced within six months[4]:

. . . .

(3) from the date of mistrial, **order granting a new trial or remand,** in cases where such events require a new trial.

(Emphasis added). As this court has previously held:

> "'HRPP Rule 48(b) mandates the dismissal of criminal charges if a trial on those charges does not commence within six months, construed as one hundred eighty days, from the time of arrest or of filing of charges, whichever is sooner.'" Samonte, 83 Hawai'i at 514, 928 P.2d at 8 (quoting State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996)). "A violation of HRPP Rule 48 entitles [Defendant] to have the trial court dismiss the charges against him 'with or without prejudice.'" State v. Dwyer, 78 Hawai'i 367, 371, 893 P.2d 795, 799 (1995) (quoting HRPP Rule 48(b)).
>
> Determining whether the HRPP Rule 48 period has run in this case involves a two-step process: first, ascertaining the date on which the clock started to run under HRPP Rule 48(b)(1); and second, calculating any excludable periods under HRPP Rule 48(c).

State v. Cenido, 89 Hawai'i 331, 334, 973 P.2d 112, 115 (App. 1999).

The State challenges the Circuit Court's COLs 2 and 3, which state:

> 2.    Out of the one-hundred ninety-two (192) days that elapsed from the Intermediate Court of Appeals' [Summary Disposition] Order Granting a New Trial to the initial trial date of February 7, 2011, two (2) days are excluded in computing the time for trial commencement.
>
> 3.    Accordingly, one-hundred ninety (190) days have elapsed that are not excluded in computing the time for trial commencement. This amount exceeds six months, and thus, Defendant's Motion to Dismiss is granted.

The State argues that the relevant date, the date on which the Rule 48 clock started to run, was the ninety-first day after the ICA filed its August 19, 2010 Judgment on Appeal, or November 18, 2010, because

> the ICA's judgment cannot be effective and jurisdiction cannot revert to the circuit court until the time for filing application has expired or, if an application [for certiorari] is filed, the supreme court has rejected or

---

4       The six-month period has been "construed as one hundred eighty days[.]" State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996).

dismissed the application or affirmed the [ICA's] judgment in whole.

We agree. At the time of Char's prior appeal, Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 36(c) provided, in relevant part, that "[t]he intermediate court of appeals' judgment is effective upon the ninety-first day after entry. . . ."[5] Jurisdiction could not revert to the Circuit Court, and the case was not remanded, until the effective date of the ICA's Judgment. See State v. Ortiz, 91 Hawai'i 181, 197, 981 P.2d 1127, 1143 (1999) (holding that the circuit court had no jurisdiction and could not schedule a retrial until after entry of the judgment on appeal; therefore, when less than six months elapsed between the entry of the judgment on appeal and the new trial, the defendant's HRPP Rule 48 right to a timely trial was not violated). Thus, in this case, the Circuit Court erred in failing to calculate the six months under HRPP Rule 48(b)(3) from the effective date of the ICA's Judgment, which led to an erroneous conclusion that more than six months elapsed before the commencement of Char's new trial.

Accordingly, we need not reach the State's second point of error.

For the foregoing reasons, we vacate the Circuit Court's September 24, 2012 Order, and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, July 24, 2015.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Shawn A. Luiz
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[5] HRAP Rule 36(c) was amended, effective January 1, 2012, to provide a shorter period of time.